IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ISHA R. KABBA, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:20-cv-00738 |
| | ) | |
| METROPOLITAN NASHVILLE | ) | JUDGE CAMPBELL |
| HOSPITAL AUTHORITY d/b/a | ) | MAGISTRATE JUDGE HOLMES |
| NASHVILLE GENERAL HOSPITAL, | ) | |
| | ) | |
|    Defendant. | ) | |

## MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Hostile Work Environment and Section 1981 Claims. (Doc. No. 11). Plaintiff filed a Response in Opposition (Doc. No 16) and Defendant filed a Reply (Doc. No. 18). For the reasons discussed below, Defendant's Motion to Dismiss will be **DENIED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant Nashville Hospitality Authority d/b/a Nashville General Hospital hired Plaintiff Isha Kabba around December 2018. (Doc. No. 1 ¶ 6). This lawsuit arises from Plaintiff's employment with Defendant. On August 30, 2020, Plaintiff filed suit against Defendant, alleging violations of the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101, *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1991 and 42 U.S.C. § 1981(a), and the Tennessee Public Protection Act, Tenn. Code Ann. § 51-1-304. (Doc. No. 1). On October 12, 2020, Defendant moved to dismiss Plaintiff's hostile

work environment claims and Section 1981 claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 11).[1]

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

## III. ANALYSIS

To state a claim for hostile work environment under Title VII or the THRA, a plaintiff must plead facts to show that: (1) she belonged to a protected class, (2) she was subject to unwelcome harassment, (3) the harassment was based on race, (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment, and (5) Defendant knew or should have known about the harassment and failed to act. *See Austin v.*

---

[1] The Court rejects Defendant's challenge to Plaintiff's Section 1981 claims as inadequately developed. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997).

*Alexander*, 439 F. Supp. 3d 1019, 1024 (M.D. Tenn. 2020) (citing *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 813 (6th Cir. 2013)).[2]

> Although a plaintiff must ultimately prove all of these elements to prevail, she does not have the initial burden of establishing a prima facie hostile work environment claim to survive a motion to dismiss. *See Swierkiewicz*, 534 U.S. at 512, 122 S.Ct. 992. Instead, the Complaint need only allege "sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that the plaintiff was subject to a hostile work environment. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937).

*Id*. "'[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances.'" *Williams v. CSX Transp. Co.*, 643 F.3d 502, 511 (6th Cir. 2011) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).

Defendant argues that the Complaint fails to state a plausible claim that the alleged conduct was severe or pervasive enough to establish a prima facie case of hostile work environment. In her response, Plaintiff asserts that the Complaint alleges a long-running series of harassment and hostility from Defendant after she reported racist comments made by her Team Lead in March 2019, specifically that she "was targeted with: (1) false accusations of insubordination from the reported-Team Lead; (2) a later-rescinded termination under the false pretense of a policy violation; (3) a rescinded promise of promotion to full-time employment status; (4) concocted criticisms of attendance and poor performance on a regular basis; (5) elevated incidents of hostile treatment and ill demeanor during workplace interactions on a daily basis; (6) multiple failures to hire for available jobs she was qualified for and previously promised; (7) having work hours [thus income] cut in response to protected conduct; (8) elevated hostilities and criticisms after filing a charge with the EEOC; (9) an attempted extortion to have her drop her EEOC charge in exchange

---

[2] *Id*. at n. 2 ("The analysis of claims brought pursuant to the THRA is identical to the analysis used for Title VII claims.") (quoting *Bailey v. USF Holland, Inc.*, 526 F.3d 880, 885 n.1 (6th Cir. 2008)).

for a full-time position and increased work hours; (10) a physical assault by a member of Defendant's management; and (11) after filing a police report related to the assault, an immediate termination." (Doc. No. 16 at 9-10).

These allegations are more than "simple teasing, offhand comments, and isolated incidents." *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal citation omitted). Taking all of the factual allegations in the Complaint as true and drawing all reasonable inferences in favor of Plaintiff, the Court finds the Complaint alleges sufficient factual content from which the Court can draw the inference that the abusive environment was severe and pervasive, such that a reasonable person would find it to be hostile. *See Navarro-Teran v. Embraer Aircraft Maint. Servs., Inc.*, 184 F. Supp. 3d 612, 623 (M.D. Tenn. 2016) (finding allegations of insults, physical attacks, and demeaning work assignments sufficient to state claim for hostile work environment). Accordingly, Defendant's motion to dismiss Plaintiff's hostile work environment claims will be denied.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE