IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ISHA R. KABBA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:20-cv-00738 |
| ) | |
| METROPOLITAN NASHVILLE ) | JUDGE CAMPBELL |
| HOSPITAL AUTHORITY d/b/a ) | MAGISTRATE JUDGE HOLMES |
| NASHVILLE GENERAL HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Pending before the Court is Defendant Nashville Hospitality Authority's ("Metro General") motion to alter or amend the Court's Partial Denial of Summary Judgment. (Doc. No. 60). Plaintiff Isha R. Kabba ("Ms. Kabba") filed a response in opposition (Doc. No. 64), and Metro General filed a reply (Doc. No. 68). For the reasons stated below, Metro General's Motion (Doc. No. 60) is **GRANTED** in part and **DENIED** in part. Metro General's Motion for Leave to Supplement its Motion (Doc. No. 65) is denied as **MOOT**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 30, 2020, Ms. Kabba filed suit against Metro General for alleged violations of the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101, *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1991 and 42 U.S.C. § 1981 ("Section 1981"), and the Tennessee Public Protection Act ("TPPA"), Tenn. Code Ann. § 51-1-304. (Doc. No. 1). On December 17, 2021, Metro General moved for summary judgment on "all" of Ms. Kabba's claims, which it submitted were "claims of retaliation and race-based discrimination and hostile work environment" pursuant to Title VII, the THRA, and Section

1981, "as well as retaliatory discharge" pursuant to the TPPA. (Doc. Nos. 30, 31 at 1). Although Metro General moved for summary judgment as to all of Ms. Kabba's claims, it made no arguments as to Ms. Kabba's claim for retaliatory hostile work environment. (*See* Doc. Nos. 30, 31). Metro General's only reference to retaliatory hostile work environment is in its reply. (Doc. No. 49 at 4-5). On January 12, 2022, Ms. Kabba responded to Metro General's motion (Doc. No. 39) and statement of material facts (Doc. No. 40) and filed a competing statement of facts (Doc. No. 40-1) as well as other evidence in support of her response (Doc. Nos. 41, 43).

On February 2, 2022, Metro General moved to strike two paragraphs of Ms. Kabba's declaration submitted in support of her response to the motion for summary judgment, on the basis that they improperly attempted to create sham fact issues. (Doc. Nos. 46, 47). Within its motion to strike, Metro General submitted that the Court should decline to consider at least fifteen other paragraphs of the declaration for lack of evidentiary foundation or personal knowledge. (*Id*.). On the same date, Metro General filed its reply in support of its motion for summary judgment, (Doc. No. 49), in which it argued, among other things, that the Court should strike Ms. Kabba's additional statement of facts for failure to comply with L.R. 56.01.

On May 6, 2022, the Court denied Metro General's motion to strike, granted Metro General's summary judgment motion as to Ms. Kabba's racially hostile work environment claim and Section 1981 claims, and denied Metro General's summary judgment motion on her retaliation claims brought under Title VII, the THRA, and the TPPA. (*See* Doc. No. 57). The Court found that Metro General had not moved for summary judgment on Ms. Kabba's claims of discrimination, brought under theories of cat's paw liability and disparate treatment, or retaliatory hostile work environment. (*Id*. at 6). The Court further found that Ms. Kabba's discrimination claims were not premised on her termination in September 2019 or Metro General's failure to hire

her for a full-time position in 2018 or after her June 27, 2019 applications, and that, therefore, that it did not need to address Metro General's arguments for summary judgment on them. (*Id*.).

On May 20, 2022, Metro General filed the instant motion, in which it contends that the Court failed to consider its arguments for summary judgment on Plaintiff's claims of Title VII discrimination, Title VII retaliatory harassment, and TPPA retaliation as well as its arguments for striking Plaintiff's statement of facts and some paragraphs of Plaintiff's declaration. (Doc. No. 60). Although Metro General filed its pending motion pursuant to Federal Rule of Civil Procedure 59(e), that rule concerns judgments. *See* Fed. R. Civ. P. 59(e).[1] As no judgment has been entered in this case, the Court construes Metro General's motion as one for reconsideration pursuant Rule 54(b). *See Al-Sadoon v. FISI\*Madison Fin. Corp.*, 188 F. Supp. 2d 899, 900 (M.D. Tenn. 2002) (parties seeking reconsideration of interlocutory decisions by the court, including partial denial of a motion for summary judgment, are proceeding under Rule 54(b)).

## II. STANDARD OF REVIEW

In reviewing a motion for reconsideration under Rule 54(b), courts generally apply the same standards applicable to a Rule 59(e) motion for reconsideration, which is only granted for one of three reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence or a change in controlling law; or (3) to prevent manifest injustice. *Jackson v. Novastar Mortgage, Inc.*, 645 F.Supp.2d 636, 642 (W.D. Tenn. 2007); *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004). A party may not simply reargue its prior position in the hope that the court will change its mind. *Al-Sadoon*, 188 F.Supp.2d at 902.

---

[1] Alternatively, Metro General contends the Court can grant its motion under Rule 60(a). (Doc. No. 60 n.1). Rule 60(a) authorizes a court to correct errors that are mechanical in nature; it does not authorize a court to revisit its legal analysis. *See In Re Walter*, 282 F.3d 434, 440 (6th Cir. 2002). Because Metro General's present motion requests that the Court revisit its legal analysis, Rule 60(a) is not applicable. *Id*.

3

## III. ANALYSIS

### A. Discrimination Claims

In its May 6, 2022 Memorandum, the Court made the following findings as to Ms. Kabba's discrimination claims and Metro General's motion for summary judgment:

> Ms. Kabba's discrimination claims, brought under theories of cat's paw liability and disparate treatment, and her retaliatory hostile work environment claim will proceed to trial as Metro General does not move for summary judgment on these claims. Conversely, as Ms. Kabba's discrimination claims are not premised on her termination in September 2019 or Metro General's failure to hire her for a full-time position in 2018 or after her June 27, 2019 application, the Court need not address Metro General's arguments for summary judgment of such claims.

(Doc. No. 57 at 6). In its present motion, Metro General asks the Court to consider its arguments for summary judgment on Ms. Kabba's discrimination claims because those claims *are* premised on her 2019 termination and Metro General's repeated refusal to hire her for a full-time position. (Doc. No. 61 at 7 (citing Doc. No. 39 at 23)).[2] Ms. Kabba does not argue otherwise in her response. (*See* Doc. No. 64 at 10-12).[3] Out of an abundance of caution and in the interest of providing clarity to the parties in advance of trial, the Court exercises its discretion and **GRANTS** Metro General's motion for reconsideration on this issue. Accordingly, the Court will now consider Metro General's arguments for summary judgment on Ms. Kabba's Title VII discrimination claims.

---

[2] The Court does not reach Metro General's alternative argument that it "was not obliged to move for summary judgment" against a cat's paw theory of liability. (Doc. No. 61 at 8). However, the Court notes that cat's paw theory of liability is not merely a "method of proving pretext" as Metro General contends. (*See id*. at 7). Rather, "[a] plaintiff alleging liability under the cat's paw theory seeks 'to hold his employer liable for the animus of a supervisor who was not charged with making the ultimate employment decision.'" *Marshall v. The Rawlings Co. LLC*, 854 F.3d 368, 377 (6th Cir. 2017) (quoting *Staub v. Proctor Hosp.*, 562 U.S. 411, 415 (2011)).

[3] Ms. Kabba's voluntary dismissal of her Title VII claims made within her response to Metro General's motion for reconsideration is not properly before the Court. *See* Fed. R. Civ. P. 41(a). Plaintiff may renew her request through a separately filed motion.

1. Failure to Hire/Promote

In its motion for summary judgment, Metro General argues Ms. Kabba cannot make a *prima facie* case of disparate treatment premised on a failure to hire/promote under the *McDonnell Douglas* framework. (*See* Doc. No. 31 at 4-6). As there is evidence in the record that Ms. Fox had the ability to influence Metro General's employment actions concerning Ms. Kabba, (*see* Doc. No. 48 ¶¶ 50-51, 56-60, 106-107), the Court finds that Ms. Fox's racist remarks (Doc. No. 40 ¶ 7) are relevant direct evidence of discrimination. *See Kostic v. United Parcel Serv., Inc.*, 532 F. Supp. 3d 513, 527 (M.D. Tenn. 2021) ("Discriminatory remarks by a person who played a meaningful role in the challenged decision, or who had the ability to influence personnel decisions, are relevant direct evidence of discrimination."); *see, e.g.*, *Chattman v. Toho Tenax Am., Inc.*, 686 F.3d 339, 347 (6th Cir. 2012) (finding "racist comments" constituted direct evidence of discriminatory intent). Accordingly, the burden shifts to Metro General to prove that it would not have hired Ms. Kabba for a full-time position even if it had not been motivated by impermissible discrimination. *See Jordan v. Mathews Nissan, Inc.*, 539 F. Supp. 3d 848, 869–70 (M.D. Tenn. 2021) (citing *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000)). Metro General does not advance evidence or argument on this point in its reply. Because Metro General has failed to establish the absence of material facts in dispute, summary judgment is inappropriate.

2. September 2019 Termination

Metro General argues Ms. Kabba cannot make a *prima facie* case of disparate treatment premised on her September 2019 termination under the *McDonnell Douglas* framework because she cannot establish that she was replaced with someone of a difference race or that similarly situated employees of a different race were treated more favorably. (*See* Doc. No. 31 at 6-9).[4]

---

[4] To make out a *prima facie* case of discrimination under Title VII through circumstantial evidence, an employee must show that: (1) she is a member of a protected group; (2) she was subjected to an adverse

5

Metro General contends that Ms. Kabba cannot show that she was replaced by someone of a different race because its Chief Human Resources Officer executed a declaration stating that Kabba's pool employee position was not "filled" following the termination of her employment. (Doc. No. 31 at 7 (citing Doc. No. 40 ¶ 40 (citing Wohlfahrt Declaration, Doc. No. 33 ¶ 29))). However, the foregoing evidence neither negates this element of Ms. Kabba's *prima facie* case nor shows an absence of evidence to support it because an employee "is replaced ... when another employee is hired or reassigned to perform the plaintiff's duties." *Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 267 (6th Cir. 2010). Accordingly, the Court finds that Metro General has failed to meet its initial burden, as the movant for summary judgment, of showing an absence of evidence or presenting affirmative evidence negating the fourth element of an indirect-evidence *prima facie* disparate treatment claim premised on Ms. Kabba's termination. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). As such, the Court does not reach Ms. Kabba's response regarding this element. *See Hunter v. Caliber Sys., Inc.*, 220 F.3d 702, 726 (6th Cir. 2000) ("If a moving party fails to carry its initial burden of production, the non-moving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion.") (citation omitted).[5]

### a. Legitimate, non-discriminatory reason

Despite Metro General not showing the absence of an element for a *prima facie* case, if it can "clearly set forth, through the introduction of admissible evidence," its legitimate, non-

---

employment decision; (3) she was qualified for the position; and (4) she was replaced with someone of a difference race or similarly situated employees of a different race were treated more favorably. *See Smith v. City of Toledo, Ohio*, 13 F.4th 508, 515 (6th Cir. 2021); *Russell v. Univ. of Toledo*, 537 F.3d 596, 604 (6th Cir. 2008).

[5] The Court need not reach Metro General's alternative argument that Ms. Kabba cannot prove it treated similarly situated employees of a different race more favorably.

discriminatory reason for its decision to terminate Ms. Kabba's employment, then the burden shifts back to Ms. Kabba to show that this legitimate, nondiscriminatory reason was pretext. *See Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 254-55 (1981). Although Metro General claims to have had a legitimate reason for terminating Ms. Kabba's employment, (Doc. No. 31 at 9-10 (citing Doc. No. 40 ¶¶ 11-12, 22-30, 34-36)), it fails to produce evidence that clearly sets forth what that reason was. Accordingly, Metro General has not met its burden of production to show evidence of its legitimate, nondiscriminatory reason for Ms. Kabba's termination. *See Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 705–06 (6th Cir. 2007).

Because Metro General has failed to meet its burden at step two of the *McDonnell Douglas* framework, the Court does not reach pretext. Furthermore, because Metro General has failed to establish the absence of material facts in dispute, summary judgment is inappropriate. In light of the foregoing, the Court finds that it would be a waste of judicial resources to consider Metro General's motion to strike portions of Ms. Kabba's declaration and its arguments for striking Ms. Kabba's statement of facts. Accordingly, Metro General's motion is **DENIED** as to these issues.

B. Retaliatory Hostile Work Environment Claim

Metro General argues the Court erred in finding that it had not moved for summary judgment on Ms. Kabba's claim for retaliatory hostile work environment. (Doc. No. 57 at 6). The Court disagrees, as the terms "retaliatory harassment" and "retaliatory hostile work environment" do not appear in Metro General's motion for summary judgment or its opening brief in support thereof. (*See* Doc. Nos. 60, 61). Metro General's motion for summary judgment does not speak to the existence of such a claim, let alone articulate an argument for dismissal of it. Nor does Metro General argue otherwise in its pending motion. Accordingly, Metro General's motion is **DENIED** as to this issue.

7

Case 3:20-cv-00738   Document 76   Filed 03/24/23   Page 7 of 8 PageID #: 922

C. **TPPA Claim**

Metro General asks the Court to reconsider its denial of summary judgment on this claim because it contends that the Court overlooked evidence showing that unlawful retaliation was not the sole reason it terminated Ms. Kabba's employment. (Doc. No. 61 at 10). Specifically, Metro General contends that the Court overlooked the declaration of Diana Wohlfahrt, (Doc. No. 33 ¶¶ 22-29), and witness statements, (Doc. No. 33-6), cited in paragraphs 34-36 of its statement of undisputed material facts, (Doc. Nos. 32, 40). However, contrary to Metro General's contention, the Court did consider the foregoing evidence in denying its motion for summary judgment on Ms. Kabba's TPPA claim:

> Nor has Metro General introduced evidence showing that unlawful retaliation was not the sole cause of Ms. Kabba's termination. Instead, it points to evidence that merely states what happened leading up to her termination. (Doc. No. 31 at 9-10 (citing Doc. No. 40 ¶¶ 11-12, 22-30, 34-36)). Metro General has not cited any affidavits or other evidence that states the reason(s) why it decided to terminate Ms. Kabba's employment. Accordingly, summary judgment will not be granted on the TPPA claim.

(Doc. No. 57 at 9-10). As the Court did not overlook Metro General's evidence, its motion is **DENIED** as to this issue.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

8